IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: TWA Inc. Post Confirmation Estate

---

| | |
|---|---|
| World Aviation Supply Inc. ) | Case No. 1:05-cv-00569-GMS |
| ) | |
| Appellant ) | |
| v. ) | |
| ) | |
| TWA Inc. Post Confirmation Estate ) | Bankruptcy Court |
| ) | Case No. 01-00056 (PJW) |
| Appellee ) | Adv. Pro No. 02-75212 (PBL) |
| | |
| | Chapter 11 |

### TWA INC. POST-CONFIRMATION ESTATE'S
### MOTION TO DISMISS APPEAL

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, TWA Inc. Post-Confirmation Estate (the "Debtor") hereby submits the following Motion and Suggestions to the United States District Court for the District of Delaware (the "Court") and requests that the Court dismiss World Aviation Supply, Inc.'s appeal in the above-captioned action for (1) failure to prosecute the appeal and (2) failure to follow the Court's procedures. In support of this Motion, Debtor states the following:

### I. Background

This adversary proceeding consists of a preference action filed by the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") against World Aviation Supply, Inc. ("WAS") to recover a single transfer of $170,000 to WAS during

the 90-day period prior to the Debtor's filing of its bankruptcy petition. (June 28, 2005 Opinion at 1-2, attached hereto as Exhibit A). On June 28, 2005, after considering the evidence and materials submitted by the Debtor and WAS, the Bankruptcy Court entered judgment in the Debtor's favor (the "Judgment"), ordering WAS to pay the Debtor $170,000.00, plus post-judgment interest as provided by law. (June 28, 2005 Judgment, attached hereto as Exhibit B; June 28, 2005 Opinion at 8).

On July 8, 2005, WAS filed a Notice of Appeal, pursuant to 28 U.S.C. § 158(a), appealing the Judgment to the Court. Pursuant to a Court Standing Order re: Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court entered on July 23, 2004 (the "Standing Order;" attached hereto as Exhibit C), the Debtor and WAS were required to engage in mandatory mediation regarding the Appeal.

On August 8, 2005, William H. Sudell, Jr. (the "Mediator") notified the Debtor and WAS that he had been appointed as mediator for the appeal pursuant to the Standing Order. (August 8, 2005 letter of William H. Sudell, Jr.; attached hereto as Exhibit D). In his August 8, 2005 letter to the Debtor and WAS, the Mediator stated that "[n]ot later than August 22, 2005, the parties were required to submit "confidential position papers of no more than ten (10) pages consistent with the provisions of the referenced Standing Order at paragraph 5.(a)." (August 8, 2005 letter of William H. Sudell, Jr.). The Debtor requested, and received, a two week extension to September 6, 2005 from the Mediator for the filing of position papers by the parties. (Affidavit of W. Anthony Feiock at ¶4; attached hereto as Exhibit E). The Debtor then submitted its position paper to the Mediator on or about September 1, 2005, and submitted a check for $1,050.00 for mediation fees and expenses. (Affidavit of W. Anthony Feiock at ¶5). On September 6, 2005, the Mediator sent a letter to the Debtor and WAS scheduling mediation

between the parties for September 28, 2005. (September 6, 2005 letter of William H. Sudell, Jr.; attached hereto as Exhibit F).

Despite the Mediator's attempts to communicate and work with WAS, WAS has wholly failed to cooperate with the Mediator. The Mediator has sent multiple emails, and placed multiple telephone calls to WAS, to which the Mediator has stated that WAS has not responded. (September 27, 2005 email from William H. Sudell, Jr.; attached hereto as Exhibit G). Additionally, WAS never submitted a position paper as required by the Mediator and the Standing Order, and failed to send the Mediator a check for the Mediator's fees. Id. In light of WAS's failure to cooperate with the requests of the Mediator and the Court's procedures, the Mediator cancelled the mediation. Id. To the Debtor's knowledge, WAS has made no attempts to contact the Mediator, the Court, or the Debtors to attempt to advance the mediation or their appeal in any way for more than two months. (Affidavit of W. Anthony Feiock at ¶10).

## II. Argument

WAS's appeal of the Judgment should be dismissed with prejudice for failure to comply with the Standing Order and for WAS's failure to prosecute its appeal. Under Rule 41(b) of the Federal Rules of Civil Procedure: "For failure of the plaintiff [1] to prosecute or [2] to comply with...any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed R. Civ. P. 41. Plaintiff's inaction in this case falls within both of these categories.

First, WAS has wholly failed to participate in the mediation process required by the Court's Standing Order. Pursuant to the Standing Order, "Appeals in bankruptcy cases shall be referred to the Appellate Mediation Panel to facilitate settlement or otherwise to assist in the expeditious handling of the appeal." The Standing Order also provides:

>    5.   Proceedings After Selection of the Mediator
>    (a) Submission of Position Papers and Documents - Within fifteen (15) days after the selection of the mediator, each counsel shall prepare and submit to the mediator a confidential position paper of no more than ten (10) pages, stating counsel's views on the key facts and legal issues in the case, as well as on key factors relating to settlement....
>    (b) Mediation Sessions - The mediator will notify the parties of the time, date, and place of the mediation session and whether it will be conducted in person or telephonically. Unless the mediator directs otherwise, mediation sessions must be attended by the senior lawyer for each party responsible for the appeal and by the person or persons with actual authority to negotiate a settlement of the case....
>    (e) Fees of the Mediator - One-half of the mediator's fees shall be paid by the appellant(s) and one-half of such fees shall be paid by the appellee(s).

WAS has wholly failed to comply with all three of these actions required by the Court's Standing Order. As stated by the Mediator, WAS failed to submit a position paper to the Mediator at any time before the day the mediation was scheduled, despite receiving an extension from the Mediator to do so. Moreover, WAS failed to submit a check for one-half of the Mediator's fees and failed to respond to multiple emails and phone calls by the Mediator, resulting in the Mediator canceling the mediation. Because WAS has wholly failed to participate in the mediation process required by the Court's Standing Order, the Court should dismiss WAS's appeal from the Bankruptcy Court Judgment with prejudice.

Second, since filing its Notice of Appeal on July 8, 2005, WAS has wholly failed to prosecute its appeal. Not only has WAS failed to comply with the mediation procedure required by the Court's Standing Order, but to the Debtor's knowledge, WAS has taken no other action to advance its appeal of the Judgment. To the Debtor's knowledge, WAS has made no attempt to contact the Mediator to attempt to reschedule the mediation in this matter. Additionally, as shown by the Court's Docket in the above captioned matter, WAS has not filed any briefs or

other documents to advance the appeal since August 2005. Moreover, WAS has not communicated with the Debtor since the Mediator cancelled the Mediation on September 27, 2005. Because WAS has wholly failed to prosecute its appeal for more than two months, the Court should dismiss WAS's appeal from the Bankruptcy Court with prejudice.

### III. Conclusion

As shown by the above Motion and Suggestions, World Aviation Supply, Inc. has wholly failed to prosecute its appeal to the Court and follow the Court's procedures. Consequently, TWA Inc. Post-Confirmation Estate respectfully requests that the Court dismiss World Aviation Supply, Inc.'s appeal from the Bankruptcy Court with prejudice.

Dated: December ___, 2005

          PACHULSKI, STANG, ZIEHL, YOUNG, JONES
          & WEINTRAUB P.C.

          _/s/ James E. O'Neill_____
          Laura Davis Jones (Bar No. 2436)
          James E. O'Neill (Bar No. 4042)
          919 N. Market Street
          P.O. Box 8705
          Wilmington, DE 19899-8705 (Courier 19801)
          Telephone: 302-652-4100
          Facsimile: 302-652-4400

          STINSON MORRISON HECKER LLP
          W. Anthony Feiock (MO Bar No. 22248)
          1201 Walnut Street, Suite 2800
          Kansas City, Missouri 64106
          Telephone: 816-842-8600
          Facsimile: 816-691-3495

          Attorneys for TWA Inc. Post Confirmation Estate