**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWA, INC. POST CONFIRMATION ESTATE | ) | Case No. 01-00056 (PJW) |
| | ) | |
| _____ | ) | |
| | ) | |
| TWA, Inc. Post Confirmation Estate, | ) | |
| | ) | Adv. No. 02-75212 (PBL) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Related Document: 39, 41 |
| World Aviation Supply, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**[1]

## I. Background

TWA, Inc. Post Confirmation Estate (hereafter referred to as "Plaintiff" or "Debtor"),

brought this adversary proceeding pursuant to §§ 547 and 550 of the Bankruptcy Code.[2] Plaintiff

seeks to avoid and recover from the defendant, World Aviation Supply, Inc. (hereafter referred to

as "Defendant" or "WAS"), a single transfer in the amount of $170,000.00 made by Debtor to

---

[1]   This Memorandum constitutes the findings of fact and conclusions of law of the Court
pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters
by Rule 9014.

[2]   11 U.S.C. §§ 101 *et seq.* References to statutory provisions by section number alone will be to
the Bankruptcy Code, unless the contrary is clearly expressed.

1

EXHIBIT A

WAS during the 90-day period prior to the filing of its petition in bankruptcy (the "Preference Period").[3]

In lieu of trial, the parties have submitted this adversary proceeding to the Court for decision based upon the parties' Joint Trial Brief containing stipulated facts and arguments.[4]

The parties have stipulated that each of the requirements of § 547(b) has been met and that the transfer in question was a preference.[5] As such, the transfer is subject to avoidance and recovery unless WAS can establish that it is entitled to a defense under § 547(c).

The parties have also stipulated that the first of the three requirements of § 547(c)(2), the "ordinary course of business" defense to avoidance and recovery of preferential transfers, has likewise been met.[6] The only issues remaining to be decided by the Court are whether WAS has

---

[3] The debtor filed its petition in bankruptcy on January 10, 2001. The preference period was therefore October 13, 2000 to January 10, 2001.

[4] Plaintiff has objected to the submission by WAS of the declaration of Raul H. Bustamante and has moved the Court to exclude the declaration from evidence and from consideration as a part of the WAS argument. This objection will be dealt with in connection with the discussion of § 547(c)(2)(C).

[5] Under § 547(b), the trustee may seek to avoid, as a preference,
". . . any transfer of an interest of the debtor in property —
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made —
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if —
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

[6] Section 547(c)(2) provides the "ordinary course of business" defense to avoidance of a preference to the extent the transfer was:
"(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial

satisfied the second and third requirements of § 547(c)(2). The three subsections of § 547(c)(2) must be read in the conjunctive, and each in turn must be satisfied. *J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.*, 891 F.2d 66 (3d Cir.(N.J.), 1989). Pursuant to § 547(g), WAS has the burden of proof as to each subsection.

## II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157(b)(1) and it is a core proceeding under 28 U.S.C. §157(b)(2), (A), (B), (F) and (O). Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

## III. Discussion and Decision

### _____A. Section 547(c)(2)(B)

The business relationship between Debtor and Defendant was of relatively short duration. The first invoice from WAS to Debtor was issued on April 14, 1999, and the invoice which resulted in the transfer in question was issued September 27, 2000. Only seven transfers were made by Debtor to WAS prior to the preference period, and only one transfer was made during the preference period.

Credit was extended by WAS to Debtor on payment terms of net thirty days, which required that invoices be paid in full within thirty days of their issuance. The seven invoices issued and paid prior to the Preference Period were all paid late - between 23 and 158 days *after* their due date - an average of 69 days late. The last invoice, which resulted in the transfer sought

---

affairs of the debtor and the transferee;
(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
(C) made according to ordinary business terms."

3

to be avoided and recovered by Plaintiff herein, was paid four days *before* its due date, by a check written five days previously.

WAS asserts that since the transfer in question was made within the credit terms established between the parties and included in the invoice being paid, it should be conclusively presumed to be within the ordinary course of business. WAS relies upon *In re Daedalean, Inc.*, 193 B.R. 204 (Bankr.D.Md., 1996) and *In re Fred Hawes Org., Inc.*, 957 F.2d 239 (6th Cir.(Ohio), 1992). Although the *Daedalean* Court states that a payment made within credit terms is "deemed" to be in the ordinary course, it is noted that in both of those cases, the payments in question were all made outside the prescribed credit terms, and the statement was therefore not necessary to the decision of the case. Furthermore, while *Daedalean* cites *Hawes* for that proposition, the statement does not appear in *Hawes*. Rather, *Hawes* stated that the failure to make payment within terms was presumptively non-ordinary. *Hawes,* 957 F.2d at 244. Neither *Daedalean* nor *Hawes* specifically held that payments within terms are <u>always</u> conclusively presumed to be within the ordinary course of business. It is also noted that the *Daedalean* Court, when discussing whether a payment falls within the ordinary course of business exception, stated:

> However, "there is no precise legal test which can be applied" in determining whether payments by the debtor during the ninety day preference period were "made in the ordinary course of business"; "rather, the court must engage in a 'peculiarly factual' analysis." While there is no rigid rule to what must be shown under subsection B, "the creditor needs [to] demonstrate some consistency with other business transactions between the debtor and creditor."

*Daedalean*, 193 B.R. at 211 - 212 (internal citations omitted).

4

As was similarly stated in *Hawes*, it is well settled in many jurisdictions that payments made beyond the payment terms are considered as falling outside the ordinary course of business between the parties and are presumed to be non-ordinary. However, notwithstanding this rule, such a presumption can be rebutted if it has been shown that late payments were the normal and ordinary practices that transpired between the parties. *See, Hechinger Liquidation Trust v. Universal Forest Products, Inc. (In re Hechinger Investment Co. of Delaware, Inc.)*, __ B.R. __, 2005 WL 1414505, *7 (Bkrtcy.D.Del., June 16, 2005); *In re R.M.L., Inc.*, 195 B.R. 602, 614 (Bkrtcy.M.D.Pa.,1996); *Frank v. Volvo Penta of the Ams., Inc. (In re Thompson Boat Co.)*, 1999 U.S. App. LEXIS 3440, *15 (6th Cir., 1999); *Berman v. Palisade Constructors, Inc. (In re HNRC Dissolution Co.)*, 2005 Bankr. LEXIS 778, *17 (Bankr. D. Ky., 2005); *Finley v. Mr. T's Apparel, Inc. (In re Washington Mfg. Co.)*, 144 B.R. 376, 378 (Bankr.M.D.Tenn., 1992).

This Court notes that WAS spends a considerable portion of its argument discussing cases which appear to apply the terms "deem" or "deemed" as a substantive rule of law and equate them with an irrebuttable presumption. This Court does not agree with the premise put forward by WAS, and consequently will not apply it in this instance. It is this Court's view that a payment made within contract terms during the preference period, when the history of dealings between the parties was that of payments being made well outside such terms, is far more likely to be preferential than it is to be "ordinary," and that the subjective factual analysis required by § 547(c)(2)(B) would establish the same to be the case in most instances. This is so even in the absence of evidence of material changes in the dealings between the parties during the Preference Period. Had Congress intended any aspect of this provision to be subject to a "bright line" or

5

presumptive rule, it could easily have provided one, as it did so in § 547(f).[7]

The history of dealings between these parties makes it quite clear that the transfer during the Preference Period is not at all consistent with *any* of the transfers which were made prior to that period. This Court finds that WAS has failed to meet its burden of establishing by a preponderance of the evidence that the single transfer in question here was "made in the ordinary course of business or financial affairs of the debtor and the transferee." Thus, § 547(c)(2)(B), the second of the three requirements of § 547(c)(2), has not been met.

**B.  Section 547(c)(2)(C)**

While the failure of WAS to prove the second requirement of § 547(c)(2) condemns its effort to defeat Plaintiff's avoidance and recovery of the amount of the transfer in question here, the Court will nevertheless briefly discuss the objection of Plaintiff to the unstipulated declaration and its implications with regard to the requirements of § 547(c)(2)(C).  *See*, n. 4, *supra*.

The eleventh hour submission of the declaration of Mr. Raul Bustamante by Defendant was clearly in response to Plaintiff's assertion in the Joint Trial Brief that even though there were no stipulated facts on the issue, WAS had not presented any facts to support a finding that the transfer in question here was "made according to ordinary business terms," as is required by § 547(c)(2)(C).  *See Fiber Lite Corp. v. Molded Acoustical Prods., Inc. (In re Molded Acoustical Products, Inc.)*, 18 F.3d 217 (3d Cir.(Pa.), 1994); *G.M.B. v. MHW (In re CM Holdings, Inc.)*, 264 B.R. 141 (Bankr.D.Del., 2000).

---

[7]  Section 547 (f) creates the rebuttable presumption that the debtor was insolvent on and during the 90 days immediately preceding the date of the filing of its petition in bankruptcy.

As Plaintiff points out in its objection and its motion to exclude the declaration, WAS had at no time during the more than two-year pendency of this adversary proceeding, in its discovery responses or otherwise, indicated that it desired to present expert testimony on any subject.[8] Further, the parties advised the Court several months prior to the submission of the Joint Trial Brief, that they wished to submit this proceeding to the Court for decision on stipulated facts and written arguments. At no time during the generation of the Joint Trial Brief had WAS indicated that it wished to submit evidence on the § 547(c)(2)(C) issue, or that it wished Plaintiff to stipulate to any such facts. Instead, late on March 30, 2005, the night before the Joint Trial Brief was to be submitted to the Court, WAS notified Plaintiff by e-mail that WAS intended to use an industry expert, and that its submission would be scanned and e-mailed to Plaintiff "sometime on the 31st."

WAS knew, or certainly should have known of the requirement, under consistent, long-standing judicial precedent in the Third Circuit, that evidence in support of the objective determination required by § 547(c)(2)(C) was needed in order for it to meet its burden of proof of this indispensable element of defense. Nevertheless, WAS failed to submit any suggested stipulations or other offers of proof on this issue until literally the eleventh hour. WAS now complains that it was unaware until approximately two weeks before the Joint Trial Brief was due that Plaintiff was raising any issue of disputed material fact. This Court does not credit this assertion, as it was the burden of WAS to prove that each of the three elements of § 547(c)(2) were met. Additionally, it was the responsibility of WAS to assure that the Joint Trial Brief

---

[8] The first draft of the Joint Trial Brief was provided by WAS to Plaintiff in June 2004, and made no reference to expert testimony, by affidavit or otherwise.

contained sufficient stipulated facts to meet its burden. Because it failed to do so was not the fault of Plaintiff, which simply raised the lack of any evidence in support of the third element. It is wholly inadequate for WAS to now state that it is willing to permit Plaintiff 30 or 60 days to obtain evidence to contradict that of Mr. Bustamante. The agreement to submit this case to the Court on stipulated facts and argument is more than two years old, and it will not be further delayed by a last-minute change of heart on the part of either party.

Based upon the foregoing, the motion of Plaintiff to exclude the declaration of Mr. Bustamante will be granted. As has been noted above, even if the inclusion of the declaration of Mr. Bustamante was permitted, and the Court credited Mr. Bustamante's opinion as stated therein, the failure of WAS to meet its burden of proving *each* of the three elements of § 547(c)(2) would preclude the entry of judgment in its favor.

Therefore, judgment will be entered by separate instrument in favor of Plaintiff and against WAS, in the amount of $170,000.00, plus post-judgment interest as provided for by law.

Dated this **28**[th] day of **June, 2005.**

PAUL B. LINDSEY
UNITED STATES BANKRUPTCY JUDGE