# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

WILLIAM H. SUDELL, JR.
302 575 7284
302 425 4685 FAX
wsudell@mnat.com

RECEIVED
AUG 0 9 2005
Pachulski, Stang, Ziehl,
Young, Jones & Weintraub

August 8, 2005

**VIA HAND-DELIVERY:**

Laura Davis Jones, Esquire
James E. O'Neill, III, Esquire
Pachulski, Stang, Ziehl, Young,
 Jones & Weintraub, P.C.
919 N. Market Street, 16th Floor
Wilmington, DE 19801

**VIA FACSIMILE & MAIL**

Gerald L. Shelley, Esquire
Quarles & Brady Streich Lang LLP
2 North Central Avenue
Phoenix, AZ 85004-2391

Re: World Aviation Supply, Inc. v. TWA, Inc., Post-Confirmation Estate, 05-CV-00569 (UNA)

Dear Counsel:

   In accordance with the provisions of the Standing Order of the United States District Court for the District of Delaware dated July 23, 2004, (the "Standing Order"), a copy of which is enclosed, I have been assigned to act as the Mediator in the captioned matter. Not later than August 22, 2005, please submit to me the parties' respective confidential position papers of no more than ten (10) pages consistent with the provisions of the referenced Standing Order at paragraph 5.(a).

   My assistant, Ms. Cherie Hare, will be calling you shortly to schedule the mediation at a mutually convenient time for all.

   By participating in the mediation process, the parties and their counsel agree to cooperate and participate in good faith in the mediation. This does not mean that any party is required to compromise its position, or ultimately to settle the dispute. It does require, however, that each party cooperate with each other and with the Mediator in a good faith effort to negotiate a prompt and reasonable resolution of the dispute. Pursuant to Paragraph 5.(b) of the Standing Order, unless I direct otherwise, the mediation must be attended by a senior lawyer for each party, if appropriate, and by the person or persons with actual authority to negotiate a settlement of the case.

EXHIBIT D

Laura Davis Jones, Esquire
James E. O'Neill, III, Esquire
Gerald L. Shelley, Esquire
August 8, 2005
Page Two


The mediation process shall be treated as a compromise or offer to compromise for the purposes of Rule 408 of the Federal Rules of Evidence and any applicable State Rules of Evidence. Pursuant to the paragraph 5.(c) of the Standing Order, the Mediation Proceedings shall be and shall remain completely confidential.

I shall charge for my time in preparing for and conducting the mediation at my current hourly rate of $525 per hour, plus any reasonable disbursements and other charges incurred in the performance of my services. Pursuant to Paragraph 5.(e) of the Standing Order, one-half of such fees and expenses shall be paid by the appellants and one-half of such fees shall be paid by the appellees.

Contemporaneously with the filing of the confidential position paper, the appellants and the appellees shall each advance the sum of $1,050. Said advance will be deposited in our general trust account. I will charge my fees and related charges against the advance and credit them on my billing statements. In the event my fees and charges exceed the advance deposited with us, I will bill the parties for the excess. Any unused portion of the advance will be returned at the conclusion of my services.

I look forward to working with you in this matter.

Sincerely yours,

*[signature: Will H. Sudell]*

William H. Sudell, Jr.

WHS/clh

477747