UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TWA INC. POST-CONFIRMATION ESTATE<br><br>---<br><br>TWA INC. POST-CONFIRMATION ESTATE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WORLD AVIATION SUPPLY, INC.,<br><br>　　　　　　　Defendant. | Case No. 1:05-cv-00569-GMS<br><br>Bankruptcy Court<br>Case No. 01-00056 (PJW)<br><br>Adversary No. 02-75212 (PBL)<br><br>Chapter 11 |

State of Missouri　　）
　　　　　　　　　　）
County of Jackson　 ) ss.

### AFFIDAVIT OF W. ANTHONY FEIOCK

1.　　I am an attorney with the law firm of Stinson Morrison Hecker LLP, and am representing the TWA Inc. Post-Confirmation Estate (the "Debtor") in the case <u>In re: TWA Inc. Post-Confirmation Estate</u>, Bankruptcy Court Case No. 01-00056 (PJW), and related actions in the United States Bankruptcy Court for the District of Delaware and the United States Court for the District of Delaware.

2.　　On August 8, 2005, William H. Sudell, Jr. (the "Mediator") notified the Debtor and World Aviation Supply, Inc. ("WAS") by letter that he had been appointed as mediator for the appeal pursuant to the Standing Order. Exhibit D attached to TWA Inc. Post-Confirmation

EXHIBIT E

Estate's Motion to Dismiss Appeal correctly and accurately reflects the letter received from the Mediator dated August 8, 2005.

3. In his August 8, 2005 letter to the Debtor and WAS, the Mediator stated that "[n]ot later than August 22, 2005, the parties were required to submit "confidential position papers of no more than ten (10) pages consistent with the provisions of the referenced Standing Order at paragraph 5.(a)."

4. The Debtor requested, and received, a two week extension to September 6, 2005 from the Mediator for the filing of position papers by the parties.

5. The Debtor submitted its position paper to the Mediator on or about September 1, 2005, and submitted a check for $1,050.00 for mediation fees and expenses.

6. On September 6, 2005, the Mediator sent a letter to the Debtor and WAS scheduling mediation between the parties for September 28, 2005. Exhibit F attached to TWA Inc. Post-Confirmation Estate's Motion to Dismiss Appeal correctly and accurately reflects the letter I received from the Mediator dated September 6, 2005.

7. On September 27, 2005, I received an email from the Mediator stating that he had sent multiple emails, and placed multiple telephone calls to WAS, to which WAS had not responded. Exhibit G attached to TWA Inc. Post-Confirmation Estate's Motion to Dismiss Appeal correctly and accurately reflects the email I received from the Mediator dated September 27, 2005.

8. In his September 27, 2005 email, the Mediator also stated that WAS never submitted a position paper as required by the Mediator and the Standing Order, and failed to send the Mediator a check for the Mediator's fees.

9. In his September 27, 2005 email, the Mediator stated that in light of WAS's failure to cooperate with the requests of the Mediator and the Court's procedures, the Mediator cancelled the mediation.

10. To my knowledge, and upon information and belief, WAS has made no attempts to contact the Mediator, the Court, or the Debtors to attempt to advance its appeal in any way for more than two months.

11. Additionally, to my knowledge, WAS has made no attempt to contact the Mediator to attempt to reschedule the mediation in this matter.

12. WAS has not communicated with the Debtor since the Mediator cancelled the Mediation on September 27, 2005.

Further affiant saith not.

DATED this 6th day of December, 2005.

_____
W. ANTHONY FEIOCK

SUBSCRIBED AND SWORN TO before me this 6th day of December, 2005.

_____
Lynne L. Lazar
[Printed Name]
Notary Public for the State of Missouri

(SEAL)

LYNNE L. LAZAR
Notary Public - Notary Seal
STATE OF MISSOURI
Clay County
My Commission Expires: Aug. 18, 2006

Residing at Kansas City, MO

My Commission expires: 8-18-06